956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EVANSTON INSURANCE COMPANY, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY PITTSBURGH, Defendant-Appellee.
 No. 90-56147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1992.
Decided March 4, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Evanston Insurance Co. and National Union Fire Insurance provided funds to settle an action against Leland Industries, and its officers and directors. Evanston then sued National Union for contribution and partial equitable subrogation. The district court found that Evanston's contribution claim was time-barred,[1] and entered summary judgment in National Union's favor on the claim for partial equitable subrogation because Evanston did not seek to shift the entire loss to National Union. We affirm.
 
 
 3
 Evanston's argument that it may pursue a claim for partial equitable subrogation lacks support. California recognizes a cause of action for contribution, Continental Casualty Co. v. Zurich Insurance Co., 57 Cal.2d 27, 17 Cal.Rptr. 12 (1961); contribution contemplates a pro rata sharing among those responsible for a loss. California also recognizes an action for equitable subrogation, see, e.g., Patent Scaffolding Co. v. William Simpson Construction Co., 64 Cal.Rptr. 187 (Cal.Ct.App.1967); equitable subrogation calls for a total shifting of the loss from one who paid to one who should have paid. Id. at 195; accord California Food Service Corp. v. Great American Ins., 182 Cal.Rptr. 67, 72-73 (Cal.Ct.App.1982). No California authority recognizes a cause of action for partial equitable subrogation. We decline to do so now.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evanston does not appeal this ruling